**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the _____ day of _____, two thousand and four.

PRESENT:

 JAMES L. OAKES
 JOSÉ A. CABRANES
   *Circuit Judges*
 MICHAEL B. MUKASEY
   *District Judge*\*

---

FRANK SCALISE, GAIL SCALISE,

  Plaintiffs-Counter-Defendants-
  Appellants,

 v.               No. 03-7411

METROPOLITAN GROUP PROP & CASUALTY INS. CO.,

  Defendant-Counter-Claimant-
  Appellee.

---

APPEARING FOR APPELLANTS:  DAVID A. GOLAS, Golas, Golas & Golas, Manchester, CT.

---

\* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1

ISSUED AS MANDATE: FEB 1 0 2004

[Filed stamp: JAN 1 4 2004, United States Court of Appeals, Second Circuit, Roseann B. MacKechnie, Clerk]

APPEARING FOR APPELLEE:       FREDERICK L. MUROLO, Nuzzo & Roberts, L.L.C., Cheshire, CT.

Appeal from a March 31, 2003 judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Chief Judge*) granting summary judgment in favor of appellee.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Appellant Frank Scalise appeals from a March 31, 2003 judgment granting summary judgment in favor of appellee insurer on the question whether, under the terms of appellant's homeowner's policy, insurer had a duty to defend and indemnify appellant against a civil suit seeking damages as a result of alleged sexual misconduct.

The District Court held that appellee insurer had no duty to defend and indemnify appellant, because the conduct alleged in the complaint against him, if proven, would "clearly violate[]" a penal law of the State of Connecticut;[1] as such, the conduct fell into an exception to the policy's personal injury coverage for "injury caused by a violation of a penal law or ordinance committed by you or with your knowledge or consent."

On appeal, appellant does not deny that the alleged conduct would violate a penal law. Instead, he argues that appellee was nevertheless bound to defend and indemnify him, because the facts pled by his accuser could also make out claims for "false imprisonment" and "invasion of privacy," which are offenses that are explicitly included within the policy's personal injury coverage. The District Court rejected this argument, holding that "the allegations of the Does' complaint, to the extent they would support tort liability for invasion of privacy and false imprisonment, also would support criminal liability for risk of injury to a minor." *See Scalise v. Metropolitan Group Prop & Casualty Ins. Co.*, No. 3:01CV1326 (RNC) at 5 (D. Conn. Mar. 31, 2003). We agree.

We have reviewed appellant's remaining arguments, and we find them to be without merit. Accordingly, for substantially the reasons stated by Chief Judge Chatigny in his March 31, 2002 Ruling and Order, the judgment of the District Court is **AFFIRMED**.

---

[1] Specifically, the District Court held that appellant's alleged conduct would violate Conn. Gen. Stat. § 53-21, which prohibits actions that risk injury to a child.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By _[signature] Lucille Carr_

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _[signature]_
DEPUTY CLERK